## Mylonas v. Mylonas

*William R. Mark*, for plaintiff.

SHUGHART, P. J., March 27, 1952.—The complaint filed in the above action in divorce alleged two grounds, indignities and that defendant had been convicted of the crime of burglary and sentenced to imprisonment for a term of two years or more. The latter is the ground provided for in section 1 (*h*) of the amendment

to the Divorce Code by the Act of March 19, 1943, P. L. 21, 23 PS §10.

The master to whom the matter was referred recommended the entry of a decree upon both grounds alleged.

The only evidence offered in support of the second ground consisted of a certified copy of the proceedings in the Court of Oyer and Terminer of Lancaster County, wherein one Steve Mylonas was sentenced to the Eastern State Penitentiary for a term of not less than two nor more than six years on a charge of burglary.

No officer of the sentencing court was called to verify the record.

In Shaffer v. Shaffer, 26 York 80, 81 (1912) in a similar case, President Judge Wanner, speaking for the court, said:

"We are of the opinion, however, that it is the imperative duty of the Court in proceedings had in the absence of the defendant, to carefully inquire into both the competency and sufficiency of the libellant's evidence, though no objection be made thereto. For the same reason the original records of the respondent's conviction and sentence should be produced before the examiner and duly authenticated by the proper officer having the custody thereof, before they are admitted in evidence. Though the records need not be set forth *in extenso* in the examiner's report of the evidence, it should accurately specify the successive proceedings at the trial, conviction and sentence of the defendant, so that the divorce record shall be a complete and self-sustaining basis for a final decree of the court.

"The fact of the enforced absence of the respondent requires greater accuracy and completeness in the record than might be insisted upon if he had of his own accord simply neglected to appear and make defense. . . .

Neither does it appear that the custodian of the records of the respondent's trial and conviction was called to authenticate the same and thus make them properly admissible instruments of evidence."

The foregoing was quoted with approval in Knable v. Knable, 67 D. & C. 380 (Fulton County).

In addition, in the instant case it appears that neither of the witnesses called were present at the proceedings wherein defendant was sentenced on his plea of guilty to the charge. It therefore appears that even though the record had properly been admitted there was insufficient evidence to identify defendant in this divorce action as the person upon whom the sentence was imposed: Shaffer v. Shaffer, supra.

It thus appears that in a proceeding for a divorce on the ground of the conviction and sentence of defendant for a crime as provided in section 1(h) of the code, as amended, supra, two things must occur. First, the record of proceedings wherein the conviction and sentence occurred must be authenticated by the proper official and secondly, defendant in the divorce action must be properly identified as the person involved in the conviction and sentence. Since neither was shown here a decree on that ground cannot be entered.

Although we consider the notice of the hearing before the master in this case to have been sufficient, it should be noted that such notice in a case where defendant is imprisoned differs from that required in the usual situation. See Knable v. Knable, and Shaffer v. Shaffer, supra.

The proofs here being sufficient to support the findings of the master and his recommendation of a decree on the grounds of indignities, those findings are adopted by the court and a decree on that ground only will be entered.

And now, March 27, 1952, at 9:45 a.m., a decree of divorce on the ground of indignities only will be entered in the usual form.